10-4811-bk
Roger John Traversa v. Educational Credit Management Corporation

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1.  When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of October, two thousand eleven.

PRESENT:

JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
        *Circuit Judges.*

------------------------------------------------

In re: Roger John Traversa,

----------------------------------------------------------------

| | |
|---|---|
| Roger John Traversa, | No. 10-4811-bk |
| *Debtor-Appellant*, | |
| v. | |
| Educational Credit Management Corporation, | |
| *Creditor-Appellee.* | |

------------------------------------------------

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | ROGER TRAVERSA, Harwinton, CT. |
| **FOR DEFENDANT-APPELLEE:** | TROY GUNDERMAN, Oakdale, MN. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Roger John Traversa, an attorney appearing *pro se*, brought this action in the Bankruptcy Court for the District of Connecticut (Lorraine M. Weil, *Chief Judge*), seeking discharge of his student loan debt. Following trial, the Bankruptcy Court held that Traversa was not entitled to discharge his student loan debt pursuant to 11 U.S.C. § 523(a)(8) and denied Traversa's various motions to seal portions of the record pursuant to 11 U.S.C. § 107(b) and (c). Traversa appealed, and the District Court affirmed the Bankruptcy Court decision on November 5, 2010. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"An appeal from a district court's review of a bankruptcy court ruling is subject to plenary review." *In re Halstead Energy Corp.*, 367 F.3d 110, 113 (2d Cir. 2004). "We accept [a] bankruptcy court's findings of fact unless clearly erroneous, but review its conclusions of law *de novo*." *Id.* at 114. We review the discretionary rulings of a bankruptcy court for abuse of discretion. *In re Dana Corp.*, 574 F.3d 129, 145 (2d Cir. 2009); *see Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining "abuse of discretion").

Whether a debtor may discharge his student loans in bankruptcy proceedings is governed by 11 U.S.C. § 523, which provides in relevant part:

> (a)  A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt
>       . . .
>   (8)  unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtor's dependents, for—
>     (A) (i)  an *educational benefit overpayment or loan* made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution; or
>         (ii)  an obligation to repay funds received as an educational benefit, scholarship, or stipend; or
>     (B)  any other educational loan that is a qualified education loan, as defined in section 221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.

11 U.S.C. § 523(a) (emphasis added).

There is no dispute that Traversa's student loans, which amount to approximately $60,000, qualify as presumptively nondischargeable under § 523(a)(8). Accordingly, the primary issue on appeal is whether Traversa would face an "undue hardship" if his loans were not discharged. 11 U.S.C. § 523(a)(8).

To defeat the statutory presumption against a student loan discharge, a debtor who claims "undue hardship" must demonstrate the following by a preponderance of the evidence:

> (1) that the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987) (per curiam);[1] *see also Grogan v. Garner*, 498 U.S. 279, 291 (1991) (holding that "the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard").

In this case, the Bankruptcy Court found that Traversa met the first *Brunner* prong based on his testimony that he had been unemployed since December 2004, that he lived with his mother, and that his only income consisted of approximately $1,577 in monthly Social Security benefits. The Bankruptcy Court also found, however, that Traversa had not satisfied the second *Brunner* prong because there was insufficient evidence that his medical conditions were "likely to persist for a significant portion of the repayment period." *Brunner*, 831 F.2d at 396.

Because § 523(a)(8) exhibits a "clear congressional intent . . . to make the discharge of student loans more difficult than that of other nonexcepted debt," we have required debtors seeking to discharge student loans to provide evidence "not only of current inability to pay but also of additional, exceptional circumstances, strongly suggestive of continuing inability to repay over an extended period of time." *Brunner*, 831 F.2d at 396. In *Brunner*, we found that the second prong was not satisfied where the debtor was not disabled or elderly, had no dependents, and "[n]o evidence was presented indicating a total foreclosure of job prospects in her area of training." *Id.* at 396-97.

Here, the trial evidence established that Traversa was unemployed and receiving Social Security benefits. Traversa testified that he suffered from depression, sleeping disorders, ADHD, and bipolar

---

[1] The *Brunner* test was subsequently adopted by the majority of our sister circuits. *See, e.g.*, *United States Dep't of Educ. v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir. 2003); *Hemar Ins. Corp. of Am. v. Cox (In re Cox)*, 338 F.3d 1238, 1241 (11th Cir. 2003); *United Student Aid Funds, Inc. v. Pena (In re Pena)*, 155 F.3d 1108, 1112 (9th Cir. 1998); *Pa. Higher Educ. Assistance Agency v. Faish (In re Faish)*, 72 F.3d 298, 306 (3d Cir. 1995).

disorder, and that these conditions affected his ability to gain and maintain employment. On cross-examination, Traversa admitted that his treating nurse believed that the medication he was taking for depression was effective, that the medications he was taking for his sleeping disorders worked "moderately well," and that he had never received any documentation of his alleged bipolar disorder. Traversa further testified that he had suffered from these conditions "throughout [his] life," including when he was in college and law school and during his approximately seven years of consecutive employment prior to law school. Traversa also testified inconsistently about why he lost one of his post-law school jobs, asserting on direct examination that he was terminated because of his medical condition, while admitting on cross-examination that he lost the job because of a "budget cut." Although Traversa introduced a notice from the State of Connecticut Department of Social Services referring to an initial agency determination that he was "unable to work long-term" and eligible for benefits, those documents contained no factual or medical findings with respect to any disability.

Given Traversa's prior ability to work while suffering from the same medical conditions at issue here, the inconsistencies in his trial testimony, and the fact that the sole piece of documentary evidence in the trial record contained no information about his medical conditions, it was not error for the Bankruptcy Court to conclude that Traversa had not carried his burden to prove that his alleged medical conditions would render him unable "to repay [his loans] over an extended period of time." *Brunner*, 831 F.2d at 396.

With respect to Traversa's challenge to the denial of his various motions to seal the record, we note that he has failed to identify the particular order or orders he seeks to challenge on appeal. Nonetheless, an independent review of the record reveals no error in the orders disposing of his various motions to seal. We therefore affirm for substantially the same reasons stated by the District Court.

We have considered Traversa's remaining arguments and find them to be without merit.

## **CONCLUSION**

We reject all of Traversa's claims on appeal. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4