Easterling v. Collecto, Inc.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2012

(Argued: August 22, 2012          Decided: August 30, 2012)

_____

BERLINCIA EASTERLING, on behalf of herself and all
others similarly situated,

*Plaintiff-Appellant*,

—v.—

COLLECTO, INC.*,* dba Collection Company of America,

*Defendant-Appellee*.

Docket No. 11-3209-cv

_____

B e f o r e : KATZMANN, WESLEY, and LYNCH, *Circuit Judges*.

_____

Plaintiff-Appellant Berlincia Easterling appeals from the judgment of the United States District Court for the Western District of New York (Curtin, *J.*) granting the motion of Defendant-Appellee Collecto, Inc. ("Collecto") for summary judgment dismissing her claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). We hold that Collecto violated the FDCPA's proscription against "false, misleading, or deceptive" debt collection practices by sending Easterling a debt collection letter incorrectly informing her that her student loans were "ineligible for bankruptcy discharge" and therefore that her account "must be resolved." Although Easterling may face significant hurdles to discharging her student loans in bankruptcy, we hold that the least sophisticated consumer would interpret Collecto's letter as representing, incorrectly, that bankruptcy discharge of her loans was wholly unavailable to her. Accordingly, the judgment of the district court is **REVERSED** and the case is **REMANDED**.

_____

Counsel for Plaintiff-Appellant:    BRIAN LEWIS BROMBERG, Bromberg Law Office,
                                    P.C., New York, N.Y. (Michael N. Litrownik,
                                    Bromberg Law Office, P.C., New York, N.Y.; Seth
                                    J. Andrews, Joseph D. Clark, Kenneth R. Hiller,
                                    Law Offices of Kenneth R. Hiller, PLLC, Amherst,
                                    N.Y., *on the brief*).

Counsel for Defendant-Appellee:    BRADLEY J. LEVIEN, Mintzer Sarowitz Zeris
                                   Ledva & Meyers, LLP, Hicksville, N.Y.

---------------

PER CURIAM:

This case requires us to determine whether a debt collector's inaccurate representation to a debtor that her student loans were "ineligible" for bankruptcy discharge is a "false, misleading, or deceptive" debt collection practice, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* We conclude that it is.

## BACKGROUND

In or around 1987, Plaintiff-Appellant Berlincia Easterling obtained a student loan guaranteed by the United States Department of Education. On August 23, 2001, with the assistance of counsel, Easterling filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code. At that time, her student loan balance amounted to $2,469. In her bankruptcy petition, Easterling classified her student loan debt as "not dischargeable," App. 269, and she did not subsequently seek to discharge her student loan debt during the course of her bankruptcy proceeding. Accordingly, Easterling's student loan debt was not discharged upon the conclusion of her bankruptcy proceeding on November 29, 2001, and the debt remained due and owing thereafter.

Student loans are presumptively nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(8); *see also U.S. Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1381 n.13 (2010). However, student loans can be discharged in bankruptcy if a debtor demonstrates, by a preponderance of the

2

evidence, that requiring their repayment "would impose an undue hardship on the debtor." 11

U.S.C. § 523(a)(8); *see In re Traversa*, 444 F. App'x 472, 474 (2d Cir. 2011) (summary order)

(debtor bears the burden of proof to show undue hardship by a preponderance of the evidence). To

seek an undue hardship discharge of student loans, a debtor must "commence an adversary

proceeding by serving a summons and complaint on affected creditors." *Espinosa*, 130 S. Ct. at

1376; *see also id.* at 1377-78 (holding that Bankruptcy Courts may not discharge student debt

without a finding of undue hardship in an adversary proceeding between the debtor and her

creditors). To succeed in such a proceeding, the debtor must show:

> (1) that the debtor cannot maintain, based on current income and expenses, a
> "minimal" standard of living for herself and her dependents if forced to repay the
> loans; (2) that additional circumstances exist indicating that this state of affairs is
> likely to persist for a significant portion of the repayment period of the student loans;
> and (3) that the debtor has made good faith efforts to repay the loans.

*Brunner v. N.Y. State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987) (per curiam).

After a debtor has been granted a discharge of her debts pursuant to Chapter 7 of the

Bankruptcy Code, she is not entitled to file another Chapter 7 petition for eight years, and is not

entitled to file a petition pursuant to Chapter 13 of the Bankruptcy Code for four years. 11 U.S.C.

§§ 727(a)(8) & (9), 1328(f)(1) & (2). However, under section 350(b) of the Bankruptcy Code, "[a]

case may be reopened in the court in which such case was closed to administer assets, to accord

relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see also* Fed. R. Bankr. P. 5010 ("A

case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the

Code."); *In re Smith*, 645 F.3d 186, 189 (2d Cir. 2011) (per curiam) ("A bankruptcy judge's

decision to grant or deny a motion to reopen pursuant to 11 U.S.C. § 350(b) shall not be disturbed

absent an abuse of discretion.").

3

Defendant-Appellee Collecto is in the business of collecting debts, and has a contract with the U.S. Department of Education to collect overdue student loans. When attempting to collect overdue student loans owed by bankrupt debtors, Collecto acts in accordance with the following set of internal procedures: When Collecto learns that a student loan debtor has filed for bankruptcy, it suspends collection activity and assigns the overdue account to an administrative resolution department to determine whether the student loan debt was discharged in bankruptcy. If the student loan debt was discharged in bankruptcy, Collecto sends the account back to the Department of Education because the debts cannot be collected. However, if Collecto finds that the bankrupt student loan debtor did not initiate an undue hardship adversary proceeding to discharge the debt, it recommences collection efforts by mailing a letter to the debtor with the following pertinent language:

*****ACCOUNT INELIGIBLE FOR BANKRUPTCY DISCHARGE*****

Your account is NOT eligible for bankruptcy discharge and must be resolved.

App. 18. The letter then offers the debtor several options for repaying the debt.

As of September 24, 2008, Easterling's student loan debt remained due and owing in the amount of $3359.76, which included accrued interest. On that same date, Collecto sent the above-described form Collection Letter to Easterling in an effort to collect on her student loan debt. Subsequently, Easterling commenced this action, on behalf of herself and the 181 other individuals in New York State who had also received the Collection Letters.

By Order dated July 7, 2011, the district court granted Collecto's motion for summary judgment and dismissed Easterling's Complaint. In so doing, the district court acknowledged that

4

"it is technically possible that plaintiff's student loan debt could be discharged in bankruptcy" by "either reopen[ing] her 2001 bankruptcy case or fil[ing] a new bankruptcy case, and then seek[ing] a discharge of her student loan debt in an adversary proceeding by showing undue hardship." *Easterling v. Collecto, Inc.*, No. 09-CV-669(JTC), 2011 WL 2730924, at \*4 (W.D.N.Y. July 12, 2011). Nevertheless, the court concluded that the Collection Letter was "not inaccurate" because "[i]n her original bankruptcy case filed with the advice of counsel in 2001, [Easterling] never even attempted to bring an adversary proceeding to show that repaying her student loan would cause her undue hardship" and because she "has neither reopened her 2001 bankruptcy case nor filed a new bankruptcy case to seek a discharge of her student loan." *Id.* Accordingly, the district court concluded that, even though Easterling "still has the opportunity . . . to challenge th[e] presumption of nondischargeability [of student loans] . . . in bankruptcy court" by making a showing of undue hardship, "until she can make [such] a showing . . . , her student loan debt is, in fact, not dischargeable in bankruptcy." *Id.* The district court further held that "the difficult nature of prevailing in an undue hardship adversary proceeding undermines the reasonableness of [Easterling's] interpretation of [Collecto's] letter." *Id.*

Easterling timely appealed the district court's July 13, 2011 judgment dismissing her Complaint.

## DISCUSSION

We review a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. *Pilgrim v. Luther*, 571 F.3d 201, 204 (2d Cir. 2009). In reviewing a summary judgment decision, this Court "utilizes the same standard as the district court: summary judgment is appropriate where there exists no genuine issue of material fact and,

5

based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of N.Y.*, 132 F.3d 145, 149 (2d Cir. 1998).

The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). In particular, section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Whether a collection letter is "false, deceptive, or misleading" under the FDCPA is determined from the perspective of the objective "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) (internal quotation marks omitted). Under this standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Id.* at 1319. However, "in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness." *Id.* Accordingly, FDCPA protection "does not extend to every bizarre or idiosyncratic interpretation of a collection notice" and courts should apply the standard "in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Id.* (internal quotation marks and citation omitted). Debt collectors that violate the FDCPA are strictly liable, meaning that "a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

Here, Easterling contends that the Collection Letter's statement that her student loan debt was "ineligible for bankruptcy discharge" was false, deceptive, or misleading under the least sophisticated consumer standard because:

6

> Easterling could have obtained, *and may still obtain*, a discharge of her student-loan indebtedness (a) by filing a new bankruptcy petition and seeking a discharge of [her] student loans in the new proceeding; or (b) by moving to reopen her prior bankruptcy cases for the purpose of filing a proceeding seeking a discharge of her student loans.

Appellant's Reply Br. at 2-3 (emphasis in original). The district court agreed that it is "technically possible that [Easterling's] student loan debt could be discharged in bankruptcy." *Easterling*, 2011 WL 2730924, at *4. Nevertheless, the court held that the Collection Letter did not violate the FDCPA, primarily because: (a) Easterling did not seek to discharge her student loan debt in 2001, when she filed a petition for bankruptcy, and (b) student loan debt is presumptively non-dischargeable unless the debtor establishes in an adversarial proceeding that requiring repayment "would impose an undue hardship on the debtor," 11 U.S.C. § 523(a)(8). *See Easterling*, 2011 WL 2730924, at *4.

This was error. It is true that Easterling did not seek an undue hardship discharge of her student loan debt during the course of her 2001 bankruptcy proceedings, and that she has made no subsequent effort to reopen those proceedings to seek such a discharge. However, the district court's focus on whether Easterling has received, or is likely to receive in the future, a discharge of her student loan debt is misplaced. The least sophisticated consumer test is an objective inquiry directed toward "ensur[ing] that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon*, 988 F.2d at 1318. The district court, by contrast, placed considerable -- if not dispositive -- weight on the facts and circumstances surrounding Easterling's background, seemingly in an effort to establish that she was not, in fact, deceived by the Collection Letter. *See Easterling*, 2011 WL 2730924, at *4 (noting that Easterling "has neither reopened her 2001 bankruptcy proceeding nor filed a new bankruptcy case" and that she was represented by counsel in

7

her 2001 bankruptcy proceedings); *see also id.* ("[T]he difficult nature of prevailing in an undue hardship adversary proceeding undermines the reasonableness of [Easterling's] interpretation of [Collecto's] letter."). By its very nature, however, the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question, and it was error for the district court to rely on such circumstances here. *See Clomon*, 988 F.2d at 1318.

Instead, the operative inquiry in this case is whether the hypothetical least sophisticated consumer could reasonably interpret the Collection Letter's statement that "Your account is NOT eligible for bankruptcy discharge," App. 18, as representing, incorrectly, that the debtor is completely foreclosed from seeking bankruptcy discharge of the debt in question. When properly framed in this manner, we think it clear that the Collection Letter is "false, deceptive, or misleading" in violation of the FDCPA. *See* 15 U.S.C. § 1692e. There may be several steep procedural and substantive hurdles standing in the way of Easterling achieving bankruptcy discharge of her student loans. However, this does not alter the fact that, as Collecto and the district court acknowledge, Easterling at all times fully retained her right to seek bankruptcy discharge of her debt. Moreover, as anyone familiar with life's fragility can attest, it is possible that Easterling's life circumstances could have changed since her November 2001 bankruptcy proceeding (or will change in the future), such that she could meet the "undue hardship" standard articulated by this Court in *Brunner*. Accordingly, we conclude that the Collection Letter's statement that Easterling's student loan debt was "ineligible for bankruptcy discharge" was false on its face.

Moreover, not only is the Collection Letter's representation in this regard literally false, it is also fundamentally misleading in that it suggests that the debtor has no possible means of

8

discharging her student loans in bankruptcy.  We think that, upon reading the Collection Letter, the least sophisticated consumer might very well refrain from seeking the advice of counsel, who could then assist her in pursuing all available means of discharging her debt through bankruptcy.  The Collection Letter's capacity to discourage debtors from fully availing themselves of their legal rights renders its misrepresentation exactly the kind of "abusive debt collection practice[]" that the FDCPA was designed to target.  *See* 15 U.S.C. § 1692(e).

For the foregoing reasons, the judgment of the district court is hereby **REVERSED** and the case is **REMANDED** to the district court for further proceedings consistent with this Opinion.