19-244cv
*Bryan v. Credit Control, LLC*

# In the
# United States Court of Appeals
# for the Second Circuit

AUGUST TERM 2019
Docket No. 19-244-cv

MICHAEL BRYAN, on behalf of himself and
all others similarly situated,

*Plaintiff-Appellant,*

v.

CREDIT CONTROL, LLC,

*Defendant-Appellee.**

ARGUED:  November 20, 2019
DECIDED:  April 3, 2020

Before:     WALKER, LYNCH, AND SULLIVAN, *Circuit Judges.*

Plaintiff-Appellant Michael Bryan, individually and on behalf of a class, appeals from an order of the United States District Court for the Eastern District

---

* The Clerk of Court is respectfully requested to amend the caption as stated above.

of New York (Sandra J. Feuerstein, *J.*) granting judgment on the pleadings in favor of Defendant-Appellee Credit Control LLC ("Credit Control") in this action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Bryan alleged that Credit Control, in an effort to collect the outstanding debt on Bryan's Kohl's Department Stores, Inc. private label credit card account, sent him a letter that did not list the "creditor to whom the debt is owed," in violation of 15 U.S.C. § 1692g; he also alleged that Credit Control's letter constituted a false or misleading representation, in violation of 15 U.S.C. § 1692e. We conclude that the district court erred in finding that Credit Control disclosed the "name of the creditor to whom the debt is owed" by listing Kohl's, the servicer of the account, as the "client." Because the district court relied on this erroneous finding in further holding that the letter did not constitute a false or misleading representation, we do not reach the question of whether the letter violated Section 1692e. Accordingly, the judgment of the district court is **REVERSED** as to the Section 1692g claim and **VACATED** as to the Section 1692e claim. The case is **REMANDED** to the district court for further proceedings consistent with this Opinion.

----

TIFFANY N. HARDY (Daniel A. Edelman, *on the brief*) Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, *for Appellant*.

PATRICK A. WATTS, Watts Law Group, LLC, St. Louis, MO (Donald S. Maurice, Jr., Thomas R. Dominczyk, Maurice Wutscher, LLP, Flemington, NJ, *on the brief*), *for Appellee*.

RICHARD J. SULLIVAN, *Circuit Judge*:

Section 1692g of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

§ 1692 *et seq.*, mandates that a debt collector disclose to a consumer "the creditor

to whom the debt is owed," *id.* § 1692g(a)(1).  This appeal requires us to consider whether a debt collector violates Section 1692g when, in a collection letter concerning private label credit card debt, it discloses the name of the retailer that services the credit card but not the financial institution that owns the debt.

Plaintiff-Appellant Michael Bryan, individually and on behalf of a class, brought suit alleging that Defendant-Appellee Credit Control, LLC ("Credit Control"), a debt collector, violated Section 1692g when it sent him a collection letter related to his Kohl's Department Stores, Inc. private label credit card debt. The letter listed Kohl's Department Stores, Inc., which services the credit card, as Credit Control's "client," but made no mention of Capital One, which owns the debt.  Bryan also alleged that, because the letter failed to mention Capital One, it constituted a false or misleading communication in connection with a debt, in violation of 15 U.S.C. § 1692e.  The district court (Sandra J. Feuerstein, *J.*) granted Credit Control's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

On appeal, Bryan argues that the district court erred in holding that Credit Control did not violate Section 1692g – and therefore did not violate Section 1692e – because Kohl's was the "creditor to whom the debt is owed."  We agree.

3

## BACKGROUND[1]

The Kohl's private label credit card allows consumers to purchase goods at Kohl's online and brick-and-mortar stores. Until 2011, Kohl's issued its private label credit cards in partnership with Chase Bank; since then, it has issued the cards in partnership with Capital One. Various public documents make clear that Capital One, not Kohl's, owns the debt on these cards. Kohl's SEC Form 10-K states that "[t]he proprietary Kohl's credit card accounts are owned by an unrelated third-party, but [Kohl's] share[s] in the net risk-adjusted revenue of the portfolio." App'x 37. The Kohl's Cardmember Agreement ("Cardmember Agreement"), which is posted online, expressly states that Capital One is the "creditor and issuer" of the accounts. *Id.* at 117. The Private Label Credit Card Program Agreement between Kohl's and Capital One ("Program Agreement") further states that Capital One "offer[s] Private Label Credit Cards to qualified customers," *id.* at 63, "extend[s] credit on newly originated and existing Accounts," *id.* at 68, "own[s] . . . all [a]ccounts," *id.* at 69, and has the exclusive right to "effect collection" of amounts owed, *id.* The Cardmember Agreement

[1] The following facts are taken from the amended complaint, the documents attached thereto, and SEC public filings, of which we are taking judicial notice, which both the magistrate judge and district court relied on without objection from the parties. *See Bryan v. Credit Control, LLC*, No. 18-CV-865 (SJF)(SIL), 2019 WL 166100, at *1 n.1 (E.D.N.Y. Jan. 9, 2019).

states that Kohl's services the accounts, and the Program Agreement specifies that Kohl's is responsible for, among other things, processing credit applications, establishing and monitoring accounts, handling collection and recovery efforts, and preparing and mailing billing statements.

After Bryan defaulted on his Kohl's private label credit card account debt, Credit Control, a debt collector as defined by the FDCPA, *see* 15 U.S.C. § 1692a(6), sent Bryan a debt collection letter. *See* App'x 46. The letter listed "Kohl's Department Stores Inc." as "Our Client" and "Chase Bank Usa N.A." as the "Original Credit Grantor." It further listed the "Client Account #" and the "Balance Due," but did not disclose that Capital One owned the debt.

Bryan filed this action on February 8, 2018, alleging that Credit Control violated the FDCPA because that letter did not list Capital One as "the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). He further alleged that, because Credit Control did not disclose Capital One, the letter was misleading, in violation of 15 U.S.C. § 1692e. Credit Control filed its answer on March 23, 2018, and moved for judgment on the pleadings on July 18, 2018. In response, Bryan sought leave to amend his complaint to add an allegation that Kohl's was not the current

5

creditor, and attached a proposed amended complaint and a number of exhibits, including the Cardmember Agreement and the Program Agreement.

The district court referred the motions to Magistrate Judge Locke, who considered the substance of the amended complaint and recommended judgment on the pleadings in favor of Defendant. Magistrate Judge Locke opined that Kohl's is the "creditor to whom the debt is owed," and the failure to disclose the owner of the debt was not misleading because it would not have materially affected a consumer's decision-making process. He thus recommended that the motion to amend the complaint be denied as futile. The district court considered Bryan's objections, but ultimately adopted the report and recommendation in its entirety. It therefore granted Credit Control's motion for judgment on the pleadings, denied Bryan's motion to amend the complaint, and dismissed the case.

## STANDARD OF REVIEW

We review the district court's decision to grant judgment on the pleadings *de novo*. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). We must "accept all factual allegations in the complaint as true and draw all reasonable inferences in plaintiff['s] favor," and affirm the district court's decision only if plaintiff's

complaint fails "to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

**DISCUSSION**

Bryan argues that the district court erred in holding that (1) by identifying Kohl's as the "client," Credit Control identified the "name of the creditor to whom the debt is owed," and (2) because the letter identified the "creditor to whom the debt is owed," it made no material misstatement in violation of Section 1692e. Because we conclude that the district court erred in finding that Credit Control identified the "name of the creditor to whom the debt is owed," we do not reach the question of whether there was a material misstatement in violation of Section 1692e.

**I.  Section 1692g**

The FDCPA requires that a debt collector attempting to collect a debt must, within five days after its initial communication, send the consumer a written notice containing, among other things, "the name of the creditor to whom the debt is owed," unless it provided that information in the initial communication. 15 U.S.C. § 1692g(a)(2). "A debt collector violates the [FDCPA] if it fails to convey the information required by the [FDCPA]." *DeSantis v. Comput. Credit, Inc.*, 269 F.3d

7

159, 161 (2d Cir. 2001). "Even if a debt collector conveys the required information, the collector nonetheless violates [Section 1692g] if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Id.* A collection letter is misleading if the "least sophisticated consumer – one not having the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer," *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 214 (2d Cir. 2018) (internal quotation marks omitted) – is left "uncertain as to the meaning of the message," *DeSantis*, 269 F.3d at 161 (internal quotation marks and citation omitted).

In arguing that Credit Control violated Section 1692g, Bryan insists that "the creditor to whom the debt is owed" is synonymous with the "owner" of the debt, and that Credit Control was therefore required to list Capital One – not Kohl's – as the creditor to whom Bryan's credit card debt was owed. The FDCPA provides that a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed," except if that person "receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). Relying on the Program Agreement, the district court found that Kohl's qualified as a creditor because "Kohl's is the entity offering

8

credit accounts to its customers . . . and, in turn, facilitating the incurrence of monetary obligations through transactions by consumers exclusively at its stores." *Bryan v. Credit Control, LLC*, No. 18-CV-0865 (SJF)(SIL), 2018 WL 6520730, at *4 (E.D.N.Y. Dec. 11, 2018), *report and recommendation adopted*, 2019 WL 166100 (E.D.N.Y. Jan. 9, 2019).

But the mere fact that Kohl's participated in the credit card program with Capital One and played an active role in the servicing of accounts does not necessarily convert Kohl's into a creditor, and certainly not into the creditor to whom the debt is owed. Indeed, the Cardmember Agreement clarifies that Capital One is "the creditor and issuer of the Account," and that Kohl's is merely an "agent" responsible for "servicing [the] Account . . . on [Capital One's] behalf." App'x 117 ¶ 1. Put simply, the terms of both Kohl's agreement with Capital One and Capital One's agreement with the cardholder make clear that Kohl's was not a creditor under the FDCPA at all. The collection letter appears to reflect as much, since it identified Chase as the "original credit grantor" and merely identified Kohl's as Credit Control's "client" – a term that says nothing about the department store's status as a creditor. By 2017, Capital One had replaced Chase as the "credit grantor," making Capital One, not Chase and certainly not Kohl's, the creditor to

9

whom the debt was owed. Thus, since the collection letter did not identify Capital One at all, it did not comply with Section 1692g. Accordingly, the district court erred when it granted judgment on the pleadings in favor of Credit Control. Because Bryan has plausibly pleaded a cause of action pursuant to Section 1692g, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

## II. Section 1692e

In his amended complaint, Bryan also alleged that Credit Control's collection letter constituted a "false, deceptive, or misleading representation . . . in connection with the collection of any debt," in violation of 15 U.S.C. § 1692e. As with Section 1692g, "[w]hether a communication is 'false, deceptive, or misleading' under [Section] 1692e 'is determined from the perspective of the objective least sophisticated consumer.'" *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) (quoting *Easterling v. Collecto, Inc.*, 692 F.3d 229, 233 (2d Cir. 2012)). However, "not every technically false representation by a debt collector amounts to a violation of the FDCPA." *Id.* (internal quotation marks omitted). Instead, we have held that, as a natural "corollary" to the least sophisticated consumer test, only material errors violate Section 1692e. *Id.* That

is, "a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated [consumer]." *Id.* (internal quotation marks omitted).

Although it is far from clear that Credit Control's failure to identify Capital One constituted a materially misleading statement under Section 1692e – indeed it might be argued that if Credit Control had identified Capital One and not Kohl's, such an action "likely would have *caused* confusion," *id.* at 86 – the fact remains that the district court dismissed Bryan's Section 1692e claim on the grounds that Kohl's was the creditor to whom the debt was owed. Since that finding was incorrect, and since the district court did not address the issue of materiality under Section 1692e, we vacate the district court's judgment and remand to the district court for further proceedings.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is REVERSED as to the Section 1692g claim and VACATED as to the Section 1692e claim. The case is REMANDED to the district court for further proceedings consistent with this Opinion.