20-2721-cv
Rubin v. Montefiore Med. Ctr.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of October, two thousand twenty one.

Present:     ROSEMARY S. POOLER
             JOSEPH F. BIANCO,[1]
                    *Circuit Judges*.

_____

JONATHAN RUBIN, on behalf of plaintiff and a class,

                    *Plaintiff-Appellant*,

            v.                                                    20-2721-cv

MONTEFIORE MEDICAL CENTER,

                    *Defendant-Appellee*.

_____

Appearing for Appellant:     Daniel Edelman, Edelman, Combs, Latturner & Goodwin, LLC
                             (Tiffany N. Hardy, *on the brief*), Chicago, IL.

Appearing for Appellee:      Tadhg Dooley, Wiggin and Dana LLP (John M. Doroghazi, *on the brief*), New Haven, CT.

_____

[1] Judge Jose A. Cabranes, a member of the original panel, subsequently recused himself. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of said District Court be and it hereby are **AFFIRMED**.

Jonathan Rubin appeals from the August 5, 2020 order and judgment of the United States District Court for the Southern District of New York (Torres, *J.*), granting summary judgment to defendant Montefiore Medical Center ("Montefiore") on Rubin's claims that Montefiore's attempt to collect a medical bill violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

In *Maguire v. Citicorp Retail Services, Inc.*, our Court held that a creditor becomes subject to the FDCPA if the creditor "uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts." 147 F.3d 232, 235 (2d Cir. 1998). Three elements must be satisfied before deeming a creditor to be "a debt collector pursuant to the false-name exception: (1) the creditor is collecting its own debts; (2) the creditor 'uses' a name other than its own; and (3) the creditor's use of that name falsely indicates that a third person is 'collecting or attempting to collect' the debts that the creditor is collecting." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013). The first element is undisputed here, so we focus on the second and third elements. Here, because the debt collection letter sent by Montefiore, when read in its entirety, cannot be mistaken to come from anyone other than Montefiore, the false-name exception is not satisfied. Therefore, Montefiore is not subject to the FDCPA.

"In evaluating potential violations of the FDCPA, the court must use an objective standard based on whether the 'least sophisticated consumer' would be deceived by the collection practice." *Maguire*, 147 F.3d at 236. "The least sophisticated consumer test is an objective inquiry directed toward 'ensur[ing] that the FDCPA protects all consumers, the gullible as well as the shrewd.'" *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). However, the least sophisticated consumer standard still "preserve[s] the concept of reasonableness." *Id.* at 233 (quoting *Clomon*, 988 F.3d at 1319). "Accordingly, FDCPA protection 'does not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations of collection notices.'" *Id.* at 233–34 (quoting *Clomon*, 988 F.2d at 1319).

Rubin alleges the letter is deceptive because it purports to come from Tele-Computer Services, not Montefiore. Rubin points out stylistic and technical differences between prior billing statements from Montefiore and the letter at issue. In evaluating whether a creditor is subject to the false-name exception, the Court reads the allegedly deceptive document as a whole. *See Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237–38 (2d Cir. 1998) (analyzing a debt collection letter as a whole under the least sophisticated consumer standard). Taking the entirety of the letter into account, even the least sophisticated consumer would not be deceived

into believing the letter comes from anyone but Montefiore. The letter specifically references Montefiore seven times. The payment options listed include: (1) a Montefiore website (www.mychart.montefiore.org); (2) a phone number that, when called, answers with "Thank you for calling the business office of Montefiore;" and (3) by mail with the check or money order made payable to "Montefiore Medical Center." App'x at 728, 731 ¶ 22. Additionally, the reverse side of the letter provides that if the customer needs information on "Montefiore's Financial Assistance program" to "please call us." App'x at 729. The letter also states: "We appreciate your prompt attention. Thank you for choosing Montefiore Medical Center; it is a privilege to care for you." App'x at 729.

Although Rubin is correct that the letter differs from Montefiore's previous billing statements in certain respects, the letter, taken as a whole, does not indicate that it is from anyone other than Montefiore. In *Maguire*, the plaintiff received a letter from "Debtor Assistance" that did not mention the creditor, Citicorp. *Maguire*, 147 F.3d at 234. Additionally, upon calling the number listed on the letter, "all phone calls [were] answered by personnel who identify themselves as employees of Debtor Assistance." *Id.* at 236. This is sharply different from the facts here, where the letter mentions Montefiore multiple times and upon calling the number listed, the caller is immediately told that they have reached Montefiore's business office. The allegations of deceptive conduct are simply insufficient to satisfy the least sophisticated consumer standard.

We have considered the remainder of Rubin's arguments and find them to be without merit. Accordingly, the order and judgment of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3