United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 03-30040**

_____

**In the matter of: Jonathon R. Gerhardt,**

**Debtor.**

**United States Department of Education**

**Appellee**

**versus**

**Jonathon R. Gerhardt**

**Appellant.**

_____

Appeal from the United States District Court
For the Eastern District of Louisiana

_____

Before REAVLEY, JONES and CLEMENT, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Over a period of years, Jonathon Gerhardt obtained over $77,000 in government-insured student loans to finance his education at the University of Southern California, the Eastman School of Music, the University of Rochester, and the New England Conservatory of Music. Gerhardt is a professional cellist. He subsequently defaulted on each loan owed to the United States Government.

In 1999, Gerhardt filed for Chapter 7 bankruptcy and thereafter filed an adversary proceeding seeking discharge of his

student loans pursuant to 11 U.S.C. § 523(a)(8).  The bankruptcy court discharged Gerhardt's student loans as causing undue hardship.  On appeal, the district court reversed, holding that it would not be an undue hardship for Gerhardt to repay his student loans.  Finding no error, we affirm the district court's judgment.

## I.  STANDARD OF REVIEW

We review the decision of a district court, sitting as an appellate court, by applying the same standards of review to the bankruptcy court's findings of fact and conclusions of law as applied by the district court.  In re Jack/Wade Drilling, Inc., 258 F.3d 385, 387 (5th Cir. 2001).  Generally, a bankruptcy court's findings of fact are reviewed for clear error and conclusions of law are reviewed de novo.  Britton v. IBEW Local 520 (In re Williams), 337 F.3d 504, 508 (5th Cir. 2003).

Whether courts review the "undue hardship" determination de novo is a matter of first impression in this circuit.  A number of our sister circuits have confronted this precise issue, determining that the dischargeability decision is a question of law subject to de novo review.  See In re Long, 322 F.3d 549, 553 (8th Cir. 2003); In re Rifino, 245 F.3d 1083, 1086-87 (9th Cir. 2001); In re Brightful, 267 F.3d 324, 327 (3d Cir. 2001); In re Hornsby, 144 F.3d 433, 436 (6th Cir. 1998); In re Woodstock, 45 F.3d 363, 367 (10th Cir. 1995); In re Roberson, 999 F.2d 1132, 1137 (7th Cir. 1993); Brunner v. New York State Higher Educ. Serv. Corp., 831 F.2d

395, 396 (2d Cir. 1987). Similarly, this court has held that determining dischargeability of a debt arising from a willful and malicious injury under 11 U.S.C. § 523(a)(6) is a question of law subject to de novo review. In re Williams, 337 F.3d at 508. The decision to discharge Gerhardt's debts represents a conclusion regarding the legal effect of the bankruptcy court's factual findings as to his circumstances. Thus, the district court correctly applied de novo review to the bankruptcy court's dischargeability holding, and this court applies the same standard on appeal.

## II. Undue Hardship Test

This circuit has not explicitly articulated the appropriate test with which to evaluate the undue hardship determination. The Second Circuit in Brunner crafted the most widely-adopted test. See In re Cox, 338 F.3d 1238, 1241 (11th Cir. 2003); In re Ekenasi, 325 F.3d 541, 546 (4th Cir. 2003); Rifino, 245 F.3d at 1087-88; Brightful, 267 F.3d at 327-28; Roberson, 999 F.2d at 1135-36. To justify discharging the debtor's student loans, the Brunner test requires a three-part showing:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for [himself] and [his] dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans. Brunner, 831 F.2d at 396.

Because the Second Circuit presented a workable approach to evaluating the "undue hardship" determination, this court expressly adopts the Brunner test for purposes of evaluating a Section 523(a)(8) decision.[1]

## A. Minimal Standard of Living

Under the first prong of the Brunner test, the bankruptcy court determined that Gerhardt could not maintain a minimal standard of living if forced to repay his student loans. Evidence was produced at trial that Gerhardt earned $1,680.47 per month as the principal cellist for the Louisiana Philharmonic Orchestra ("LPO"), including a small amount of supplemental income earned as a cello teacher for Tulane University. His monthly expenses, which included a health club membership and internet access, averaged $1,829.39. The bankruptcy court's factual findings are not clearly erroneous. Consequently, we agree with the bankruptcy court's conclusion of law, which we review de novo, that flows from these factual findings. Given that Gerhardt's monthly expenses exceed his monthly income, he has no ability at the present time to maintain a minimal standard of living if forced to repay his loans.

## B. Persisting State of Affairs

The second prong of the Brunner test asks if "additional circumstances exist indicating that this state of affairs is likely

---

[1] Both the bankruptcy court and district court applied the Brunner test to the facts of this case.

to persist [for a significant period of time]." Brunner, 831 F.2d at 396. "Additional circumstances" encompass "circumstances that impacted on the debtor's future earning potential but which [were] either not present when the debtor[] applied for the loans or [have] since been exacerbated." In re Roach, 288 B.R. 437, 445 (Bankr. E.D. La. 2003). This second aspect of the test is meant to be "a demanding requirement." Brightful, 267 F.3d at 328. Thus, proving that the debtor is "currently in financial straits" is not enough. Id. Instead, the debtor must specifically prove "a total incapacity. . . in the future to pay [his] debts for reasons not within [his] control."[2] In re Faish, 72 F.3d 298, 307 (3d Cir. 1995) (quoting In re Rappaport, 16 B.R. 615, 617 (Bankr. D.N.J. 1981)).

Under the second prong of the test, the district court correctly concluded that Gerhardt has not established persistent undue hardship entitling him to discharge his student loans. Gerhardt holds a masters degree in music from the New England Conservatory of Music. He is about 43 years old, healthy, well-educated, and has no dependents, yet has repaid only $755 of his over $77,000 debt.[3] During the LPO's off-seasons, Gerhardt has

---

[2] Some examples of "additional circumstances" include "psychiatric problems, lack of usable job skills, and severely limited education." Roach, 288 B.R. at 445.

[3] Our analysis of the second Brunner prong inevitably overlaps to some degree with the third prong, which asks if the debtor has made a good faith effort to repay the loan. Brunner, 831 F.2d at 396. However, because we resolve this case under the

-5-

collected unemployment, but he has somehow managed to attend the Colorado Music Festival. Although trial testimony tended to show that Gerhardt would likely not obtain a position at a higher-paying orchestra, he could obtain additional steady employment in a number of different arenas. For instance, he could attempt to teach full-time, obtain night-school teaching jobs, or even work as a music store clerk.[4] Thus, no reasons out of Gerhardt's control exist that perpetuate his inability to repay his student loans.

In addition, nothing in the Bankruptcy Code suggests that a debtor may choose to work only in the field in which he was trained, obtain a low-paying job, and then claim that it would be an undue hardship to repay his student loans. See, e.g., In re Grigas, 252 B.R. 866, 875 (Bankr. D.N.H.) (concluding that a debtor could not satisfy the second Brunner prong when financial distress was self-imposed). Under the facts presented by Gerhardt, it is difficult to imagine a professional orchestra musician who would not qualify for an undue hardship discharge. Accordingly, Gerhardt "has failed to demonstrate the type of exceptional circumstances that are necessary in order to meet [his] burden under the second prong" of Brunner. Brightful, 267 F.3d at 330. Finding no error, the judgment of the district court is **AFFIRMED**.

---

second prong, it is unnecessary to explore the third prong in depth.

[4] This is not meant to be an exhaustive list of possible employment opportunities for Gerhardt, but instead merely seeks to illustrate other viable avenues for income.