### In re Sharon Michaelene TOLLISON.

### Sharon Michaelene Tollison, Plaintiff,

### v.

### Suntech, Inc., Defendant.

### Bankruptcy No. 03–15168.
### Adversry No. 03–1253.

United States Bankruptcy Court,
N.D. Mississippi.

March 8, 2004.

---

Jim Arnold, Durant, MS, for Sharon Michaelene Tollison.

W. McCollum Halcomb, Halcomb & Wertheim, P.C., Birmingham, AL, for Suntech, Inc.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a motion for summary judgment filed by Educational Credit Management Corporation (hereinafter "ECMC" or "defendant"), the successor in interest to Suntech, Inc.; no response to said motion having been filed by the plaintiff/debtor, Sharon Michaelene Tollison (hereinafter "debtor"); and the court, having reviewed the motion, as well as, the affidavit and memorandum attached thereto, finds as follows, to-wit:

### I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

### II.

The following material facts, set forth in ECMC's motion and memorandum, are undisputed by the debtor, and, therefore are adopted by the court as its findings of fact:

1. Sharon Michaelene Tollison, debtor in the above-styled proceeding, executed fifteen Stafford Loan Application and Promissory Notes (the Notes) in favor of the Mississippi Higher Education Assistance Corporation ("MHEAC"). (Affidavit of Amy Schreiner, an employee of ECMC.)

2. The Notes were executed for educational purposes. (Affidavit of Amy Schreiner.)

3. The Notes were guaranteed by United Student Aid Funds, Inc. ("USAF"). (Affidavit of Amy Schreiner.)

4. Debtor used the funds disbursed to attend the University of Southern Mississippi and William Carey College. (Responses to Interrogatories, Number 15).

5. After Debtor defaulted on the Notes, MHEAC assigned the Notes to USAF. (Affidavit of Amy Schreiner.)

6. On August 15, 2003, Debtor filed for Chapter 7 bankruptcy protection.

7. On August 19, 2003, Debtor filed the instant adversary proceeding seeking discharge of her student loans.

8. On October 10, 2003, USAF assigned ECMC all rights, title, and interest of the student loans executed by Debtor. ECMC is the current holder of the Notes. (Affidavit of Amy Schreiner.)

9. ECMC is a private nonprofit corporation and guaranty agency under the FFELP and their loans are reinsured by the United States Department of Education. (Affidavit of Amy Schreiner.)

10. The balance due and owing on the Notes as of January 6, 2003, including principle and interest is $53,246.00. (Affidavit of Amy Schreiner.)

11. Debtor has no dependents and lives alone. (Responses to Interrogatories, Number 7.)

12. Debtor is 49 years old. (Responses to Interrogatories, Number 1.)

13. According to Schedule I, Debtor's monthly income is $533.94, and her monthly expenses are $625.00.

14. Included in her expenses are $25.00 per month for cable, $50.00 for miscellaneous expenses, $100.00 per month for transportation, and

$50.00 per month for recreation. (Schedule J.)

15. Debtor has never attempted to consolidate her loans under the William D. Ford program. (Responses to Interrogatories, Number 17.)

16. Debtor works part-time as a librarian for Vaiden Public Library. She works about 20–26 hours per week. She has been employed there since June 2003. (Responses to Interrogatories, Number 4.)

17. From November 2002 until June 2003, Debtor worked part-time at Wal–Mart as a clerk/cashier. There she was paid $5.50 per hour. (Responses to Interrogatories, Number 4.)

18. For the year 2003, the poverty threshold was $8,980.00. (Department of Health and Human Services Poverty Guidelines.)

19. Debtor anticipates her income for the next 12 months to be $11,402.00. (Responses to Interrogatories, Number 23.)

20. Debtor is not physically or mentally handicapped. (Responses to Interrogatories, Number 9.)

21. Under the Income Contingent Repayment Program, Debtor's payments would be $40.37 per month. (Affidavit of Amy Schreiner.)

22. Debtor has made no payments on the Notes. (Responses to Interrogatories, Number 16.)

### III.

The debtor seeks to discharge her student loans pursuant to 11 U.S.C. § 523(a)(8), which provides that a discharge does not discharge an individual debtor from any debt . . .

(8) For an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependants.

▪ In a § 523(a)(8) cause of action, both the creditor and the debtor have respective burdens of proof. The creditor has the initial burden of establishing the following: (1) the existence of a debt; (2) made for an educational loan; (3) made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution. If the creditor meets this burden, the debtor must then prove that excepting the debt from discharge will impose an undue hardship.

From a consideration of the aforementioned recitation of facts, the court concludes that ECMC has met its initial burden. The debtor owes a debt in the sum of $53,246.00, as of January 6, 2003, for an educational loan that was guaranteed by a governmental unit.

▪ If this adversary proceeding were being tried in open court, the burden of proof would now shift to the debtor to show that the payment of the debt would cause an undue hardship. However, because this matter is before the court on a motion for summary judgment, a second burden of proof must be met by ECMC. "[T]he creditor must prove that there is an absence of evidence to support the defendant's claim of undue hardship or, *alternatively,* the creditor must present affirmative evidence demonstrating that the debtor will be unable to prove an undue hardship claim at trial." *White v. United States Department of Education (In re*

*White)*, 243 B.R. 498, 506 (Bankr.N.D.Ala., 1999).

## IV.

■ The Fifth Circuit Court of Appeals recently adopted the *Brunner* test for purposes of evaluating a § 523(a)(8) "undue hardship" cause of action. This is a three pronged test that must be met by a debtor to justify the discharge of a student loan obligation, to-wit:

(1) That the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependants if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans;

(3) that the debtor has made good faith efforts to repay the loans.

*United States Department of Education v. Gerhardt (In re Gerhardt)*, 348 F.3d 89, 91 (5th Cir.2003). (Citing, *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395, 396 (2nd Cir.1987)).

■ The first prong of the *Brunner* test requires the debtor to show that she cannot maintain a minimal standard of living if forced to repay her student loan. In the *Gerhardt* decision, cited above, the bankruptcy court found that the debtor earned $1,680.47 per month and had monthly expenses of $1,829.39, thus concluding that the debtor could not maintain a minimal standard of living if forced to repay his student loans. The Fifth Circuit commented as follows:

The bankruptcy court's factual findings are not clearly erroneous. Consequently, we agree with the bankruptcy court's conclusion of law, which we reviewed de novo, that flows from these factual findings. Given that Gerhardt's monthly ex-

penses exceed his monthly income, he has no ability at the present time to maintain a minimal standard of living if forced to repay his loans.

*Id.* at 92.

In the current proceeding, the debtor has listed her monthly income on Schedule I as $533.94 and her monthly expenses as $625.00. As in *Gerhardt*, the debtor's monthly expenses exceed her monthly income. Therefore, this court concludes that she has no ability at the present time to maintain a minimal standard of living if forced to repay her student loans.

■ The second prong of the *Brunner* test requires a finding that "additional circumstances exist" which indicate that the state of the debtor's financial affairs is likely to persist for a significant period of time. These "additional circumstances" include "circumstances that impacted on the debtor's future earning potential which [were] either not present when the debtor applied for the loans or [have] since been exacerbated." *In re Roach*, 288 B.R. 437, 445 (Bankr.E.D.La.2003). In *Gerhardt*, the Fifth Circuit concluded that the debtor had not established a persistent undue hardship entitling him to discharge his student loans. Gerhardt held a master's degree in music from the New England Conservatory of Music. Even though he was well educated, he made only a meager salary as a cello player with the Louisiana Philharmonic Orchestra. Testimony at trial showed, however, that Gerhardt could obtain additional steady employment in a number of areas such as teaching full-time, or working as a music store clerk. The court found that no reasons existed which would perpetuate Gerhardt's inability to repay his student loans.

In the matter presently before this court, ECMC has produced no evidence to support a finding that the debtor will be

able to repay her student loans in the future. To the contrary, there is also no evidence to show that the debtor's circumstances will not improve in the foreseeable future. When deciding whether a fact issue has been created for summary judgment purposes, all inferences drawn from the evidence must be viewed in a light most favorable to the non-moving party. *Terrebonne Parish School Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303 (5th Cir.2002). As such, ECMC has not established "that there is an absence of evidence to support the defendant's claim of undue hardship," or, alternatively, ECMC has not presented "evidence demonstrating that the debtor will be unable to prove an undue hardship claim at trial." Therefore, the motion for summary judgment must be overruled.

The third prong of the *Brunner* test requires the debtor to make a good faith effort to repay her debts. The debtor has admitted that she made no payments on the student loans (response to Interrogatory Number 16), and that she has never attempted to consolidate her loans under the William D. Ford Program (response to Interrogatory Number 17). Because of the conclusion set out in the preceding paragraph, the court will determine after evidence is presented at trial whether these facts, which are clearly damaging to the debtor's position, conclusively established that the debtor failed to make a good faith effort to repay her loans.

## V.

Based on the foregoing analysis, the court finds that ECMC has met its initial burden of proof pursuant to the undisputed affidavit testimony of Amy Schreiner. However, the court finds that ECMC has not proven that there is an absence of evidence to support the debtor's claim of undue hardship, nor has ECMC shown through affirmative evidence that the debtor will be unable to prove undue hardship at trial. Accordingly, summary judgment is granted, in part, to the effect that the debtor owes a debt to ECMC in the sum of $53,246.00, for an educational loan which was guaranteed by a governmental unit. However, the motion for summary judgment as it relates to the debtor's assertion of "undue hardship" is denied at this time.

An order will be entered contemporaneously with this opinion.