UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 17th day of June two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                  *Circuit Judges.*

─────────────────────────────────────────────

IN RE: KENNETH DESORMES

                  *Debtor.*

KENNETH DESORMES,

                  *Debtor-Appellant,*

        -v-                                    13-3663-bk

UNITED STATES TRUSTEE,

                  *Trustee,*

        -v-

INFILAW CORPORATION, FRANK TOLIVER,

                  *Defendants - Appellees,*

CHARLOTTE SCHOOL OF LAW, LLC,

                  *Creditor - Appellee.*

─────────────────────────────────────────────

Appearing for Appellant:     Kenneth Desormes, Rye, N.Y.

Appearing for Appellees:     Scott M. Charmoy, Charmoy & Charmoy, Fairfield, CT

      Appeal from the United States District Court for the District of Connecticut (Thompson, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

      Kenneth Desormes, *pro se*, appeals from the September 6, 2013 judgment entered by the United States District Court for the District of Connecticut (Thompson, *J.*) affirming the September 19, 2012 order entered by the Bankruptcy Court for the District of Connecticut (Shiff, *J.*).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

      "A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court." *D.A.N. Joint Venture v. Cacioli (In re Cacioli)*, 463 F.3d 229, 234 (2d Cir. 2006) (internal quotation marks omitted).  Thus, we review the court's conclusions of law de novo and its findings of fact for clear error.  *Id.*  Student loans are presumptively nondischargeable in bankruptcy.  *Easterling v. Collecto, Inc.*, 692 F.3d 229, 231-32 (2d Cir. 2012).  Because bankruptcy is both a right of the debtor, and a remedy for the creditor, a proper balancing of those competing interests requires the creditor to prove by a preponderance of the evidence that its claim is one that is not dischargeable.  *Cazenovia Coll. v. Renshaw (In re Renshaw)*, 222 F.3d 82, 86 (2d Cir. 2000).

      The district court correctly held that the debt in question  was excepted from discharge under 11 U.S.C. § 523(a)(8)(A)(ii).  Contrary to Desormes's argument, if a transfer of funds directly to the debtor is not necessary for the creation of a loan,  there is little reason to think such a transfer is necessary for the loan to be received within the meaning of the statute.

      We have considered Desormes's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Each side to bear its own costs.

                                               FOR THE COURT:
                                              Catherine O'Hagan Wolfe, Clerk